Bardh GOSTURANI, a.k.a. Vinko Boskovic, a.k.a. Agim Gosturani, Petitioner,

v.

Alberto GONZALES, Attorney General, Respondent.

No. 07–0053–ag.

United States Court of Appeals, Second Circuit.

July 26, 2007.

Saul C. Brown, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Ernesto H. Molina, Jr., Senior Litigation Counsel; Leah V. Durant, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Bardh Gosturani seeks review of a December 12, 2006 order of the BIA affirming the July 7, 2005 decision of Immigration Judge ("IJ") Paul A. Defonzo, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Bardh Gosturani,* No. A77 024 072 (B.I.A. Dec. 12, 2006) *aff'g* No. A77 024 072 (Immig. Ct. N.Y. City July 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we note that Gosturani has waived any challenge to the agency's denial of CAT relief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

We conclude that the agency's adverse credibility determination is supported by substantial evidence. Gosturani argues that the claim he presented at the airport and "credible fear" interviews and in his first asylum application, namely, that he feared persecution in Kosovo, was false and that his true claim is that he fears

persecution in Albania based on his political affiliation with the Democratic Party. The IJ acted reasonably in discrediting Gosturani's testimony based on what Gosturani conceded was false testimony before the immigration officers at his airport interview and credible fear interview and his initial false asylum application. *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir. 2007).

The IJ also reasonably noted that a photocopy of an Albanian birth certificate and the other documentary evidence submitted were insufficient to establish his identity. *Id.* at 170–71. And even aside from Gosturani's false testimony and documents, none of the evidence he submitted established that he was subject to persecution in either Kosovo or Albania. Accordingly, the agency acted reasonably in finding that Gosturani had not met his burden of proof. *See Zhou Yun Zhang,* 386 F.3d at 74.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.